BETSY JOHNSON, CA Bar No. 119847
betsy.johnson@ogletree.com
DAVID M. GRUEN, CA Bar No. 260209
david.gruen@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendants
MAPEI CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO PEREZ, an Individual,<br><br>              Plaintiff,<br><br>         v.<br><br>MAPEI CORPORATION, an Illinois Corporation; and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No. 5:21-CV-00922<br><br>**DEFENDANT MAPEI CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Shaun Trochessett and David M. Gruen in Support of Removal]<br><br>Complaint Filed: March 1, 2021<br>Trial Date:         None<br>District Judge:   Hon. _____<br>                       Courtroom ___ |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF RAMIRO PEREZ AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant MAPEI Corporation ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court, Central District of California, pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446. In support of such removal, Defendant states as follows:

**I.     THE STATE COURT ACTION**

1.     Plaintiff Ramiro Perez ("Plaintiff") initiated this civil action in the Superior Court of the State of California, County of San Bernardino, on or about March 1, 2021, when he filed the Complaint ("Superior Court Action"). The Superior Court Action was assigned Case No. CIVSB2106797. In the Complaint, Plaintiff alleges causes of action for: (1) Discrimination in Violation of FEHA—Disability; (2) Failure to Provide Reasonable Accommodation for Disability; (3) Failure to Engage in the Interactive Process; (4) Wrongful Termination in Violation of Public Policy; (5) Failure to Provide Meal Breaks; (6) Failure to Provide Rest Breaks; (7) Failure to Pay Overtime Compensation; (8) Failure to Pay Minimum Wages; (9) Failure to Provide Accurate, Itemized Wage Statements; (10) Waiting Time Penalties; and (11) Violation of California Business & Professions Code § 17200 *et seq.*

2.     In compliance with 28 U.S.C. Section 1446(a), attached to this Notice as exhibits are all process, pleadings, and orders filed in this action, specifically:

- **Exhibit A** – Complaint;
- **Exhibit B** – Certificate of Assignment;
- **Exhibit C** – Civil Case Cover Sheet;
- **Exhibit D** – Summons;

DEFENDANT MAPEI CORPORATION'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    -    **Exhibit E** – Notice of Trial Setting Conference and Notice of Case
2 Assignment;

3    -    **Exhibit F** – Notice of Return of Documents; and

4    -    **Exhibit G** - Defendant's Answer to the Complaint (filed in the Superior
5 Court of the State of California, County of San Bernardino, on May 27, 2021).
6 (Declaration of David M. Gruen ("Gruen Decl."), ¶¶ 3-4 (noting that a conformed
7 copy of Defendant's Answer to the Complaint has not yet been received back from
8 the court by counsel).)

9    To Defendant's knowledge, no further process, pleadings, or orders related to
10 this case have been filed in the Superior Court of the State of California, County of
11 San Bernardino, or served by any party.  (*Id.*)

12 **II.    TIMELINESS OF REMOVAL**

13    3.    Plaintiff caused the Complaint to be filed on March 1, 2021.  (Gruen
14 Decl., ¶ 3).  On April 28, 2021, Defendant, through its agent for service of process,
15 was served with the Summons and Complaint.  (*Id.*)

16    4.    On May 27, 2021, Defendant filed its Answer to the Complaint. (Gruen
17 Decl., ¶ 4.)

18    5.    This Notice of Removal is timely filed because it is filed within 30 days
19 of the effective date of service of the Summons and Complaint on Defendant (*i.e.*,
20 within 30 days of April 28, 2021).  (Gruen Decl., ¶ 5); 28 U.S.C. § 1446(b)(1) ("The
21 notice of removal of a civil action or proceeding shall be filed within 30 days after
22 the receipt by the defendant, through service or otherwise, of a copy of the initial
23 pleading setting forth the claim for relief upon which such action or proceeding is
24 based.").

25 **III.    THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY**
26 **    BASED UPON DIVERSITY OF CITIZENSHIP**

27    6.    "Any civil action" commenced in state court is removable if it might
28 have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a), (b).  To

DEFENDANT MAPEI CORPORATION'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

47270528_1.docx

remove a case to federal court on diversity grounds, two elements must be met: (1) complete diversity must exist between the parties (*i.e.*, plaintiffs and defendants must be "citizens" of different states); and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

7.    The Court has original jurisdiction over this action under 28 U.S.C. Section 1332, and it may be removed by Defendant pursuant to 28 U.S.C. Section 1441. This is a civil action that is between citizens of different states and where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.    Complete Diversity of Citizenship Exists Between the Parties**

**i.    Plaintiff Is a Citizen of California**

8.    For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11cv163-L (BNL), 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 18, 2008) (place of residence provides prima facie case of domicile); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship).

9.    Plaintiff sets forth in the Complaint that at "all times relevant herein, Plaintiff was, and is, an individual residing in the County of San Bernardino, State of California." (*See* Ex. A, Compl. ¶ 1.) Further, from Plaintiff's date of hire on or about October 31, 2016, to the date of Plaintiff's separation of employment from Defendant on or about May 6, 2020, Plaintiff worked out of Defendant's San Bernardino, California location. (Declaration of Shaun Trochessett ("Trochessett Decl."), ¶ 4.) At the beginning of Plaintiff's employment, Plaintiff indicated on his onboarding documents that his home address was in Rialto, California. *Id.*

Defendant's home address remained the same in Defendant's Human Resources records up to and including his date of separation from Defendant. *Id.*

10.    Accordingly, the preponderance of the evidence demonstrates that at the time the Complaint was filed and as of this removal, Plaintiff not only resided in California, but was also domiciled there. Thus, Plaintiff is a citizen of the state of California.

### ii.    Defendant is a Citizen of Illinois and Florida

11.    Defendant is a corporation. (Ex. A, Compl. ¶ 2; Trochessett Decl., ¶ 3). "A corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ." 28 U.S.C. § 1332(c). The U.S. Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The U.S. Supreme Court held that the "'principal place of business' [as set forth in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.* at 93; *see also Montrose Chem. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

12.    Defendant is, and at all times relevant to this action was, incorporated under the laws of the State of Illinois.    (Trochessett Decl., ¶ 3.)

13.    Defendant's principal place of business and corporate headquarters are

4

47270528_1.docx

located in Deerfield Beach, Florida. (*Id.*) Defendant's corporate officers have offices located at Defendant's headquarters in Deerfield Beach, Florida, where the officers direct, control, and coordinate Defendant's activities. (*Id.*) The majority of Defendant's corporate decisions are made in Deerfield Beach, Florida, including its operational, executive, administrative, and policymaking decisions. (*Id.*) Defendant conducts the majority of its administrative and day-to-day functions, such as payroll, human resources, legal, benefits, and accounting, at its corporate headquarters in Deerfield Beach, Florida. (*Id.*)

14.    Accordingly, Defendant is, and was at all times relevant to the Complaint and this removal, a citizen of the states of Illinois and Florida, not California.

15.    The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b)(1); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998). As such, Plaintiff's inclusion of DOES 1 through 100 in the Complaint cannot defeat diversity jurisdiction.

16.    Thus, the parties are completely diverse in this matter because Plaintiff is a citizen of California, and Defendant is a citizen of Illinois and Florida.

**B.    The Amount in Controversy Exceeds $75,000**

17.    The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy. Pub. L. 112-63, Title II, § 205. Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. Section 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met").

18.    The U.S. Supreme Court held that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

5

47270528_1.docx

*Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).  The Ninth Circuit has also rejected application of the legal certainty standard for removals.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").  If the state court complaint expressly seeks more than $75,000, removal on the basis of diversity will be allowed unless the amount set forth in the initial complaint was stated in bad faith.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 402 (9th Cir. 1996).

19.    It is facially evident from Plaintiff's Complaint that the amount in controversy exceeds $75,000.  Plaintiff's Complaint expressly and repeatedly seeks "general and special damages in an amount to be determined at trial, but in an amount exceeding $250,000" in Plaintiff's prayer for damages to his First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action.  (*See* Ex. A, Compl. pp. 16-19.)  Plaintiff's Complaint also separately and expressly seeks "penalties pursuant to Labor Code § 203 to Plaintiff in an amount to be determined at trial, but in an amount exceeding $250,000."[1]  (*Id.*, p. 20.)  And, because Plaintiff instituted the case in state court, there is a strong presumption Plaintiff did not inflate the claim to support removal.  *See St. Paul Mercury Indem. Co.*, 303 U.S. at 290; *Sanchez*, 102 F. 3d at 402.  Thus, the amount in controversy based upon Plaintiff's

---

[1] In addition to these damages, Plaintiff also separately seeks: lost wages and benefits and other monetary relief; compensatory damages; punitive damages; actual, consequential, and incidental losses and damages; civil penalties; premiums; liquidated damages; and attorneys' fees and costs. (*See* Ex. A, Compl. pp. 16-20.) *See also, Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *3-5 (E.D. Cal. Oct. 19, 2009) (in an action brought under FEHA, the court ruled that even a minimum award of punitive damages would satisfy the jurisdictional requirement, and separately, "because attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy"); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-1035 (2002) ("attorneys' fees in individual discrimination cases often exceed the damages.").

own express prayer for damages in the Complaint greatly exceeds the $75,000 threshold for removal.

## IV.   NO JOINDER IS REQUIRED

20.   Unnamed, or doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988).

## V.   VENUE

21.   Venue is proper in this Court because this action was originally filed in the Superior Court of the State of California, County of San Bernardino, located within the District and Division of the Court.  28 U.S.C. §§ 84(c), 1441(a).

## VI.   REMOVAL IS TIMELY

22.   As required by 28 U.S.C. Section 1446(b), the original Notice of Removal was filed within 30 days after Defendant was served with a copy of the Complaint. (*See* Gruen Decl. ¶ 5).

## VII.   NOTICE OF REMOVAL TO PLAINTIFF

23.   As required by 28 U.S.C. Section 1446(d), Defendant will provide notice of this Removal to Plaintiff through his attorneys of record.  As required by 28 U.S.C. Section 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, County of San Bernardino.

WHEREFORE, Defendant removes this action to this Court.

DATED: May 28, 2021                    OGLETREE, DEAKINS, NASH, SMOAK &
                                       STEWART, P.C.


                                       By: /s/ David M. Gruen
                                           Betsy Johnson
                                           David M. Gruen
                                       Attorneys for Defendants
                                       MAPEI CORPORATION

7